PEOPLE *v.* MOORE

1. MOTIONS—EVIDENCE—SUPPRESSION.

Taking a motion to suppress evidence under advisement does not constitute a denial of the motion, but leaves the question open for a later decision.

2. SEARCHES AND SEIZURES—EVIDENCE—ADMISSIBILITY—SUBMISSION TO JURY.

The question of the legality of a search and seizure raised by a motion to suppress evidence is a question of law to be decided by the court and not by the jury.

3. EVIDENCE—ADMISSIBILITY—INSTRUCTIONS TO JURY—DETERMINATION OF ADMISSIBILITY.

Instruction to the jury that testimony had been received conditionally and could be considered by them only if they first

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 408 *et seq.*
Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.

determined that it was not obtained by an illegal search and seizure is reversible error.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 14, 1971, at Detroit. (Docket No. 9852.) Decided September 27, 1971.

Elbert Moore was convicted of the unlawful possession of narcotic drugs. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

Holbrook, J. Defendant, Elbert Moore, was convicted in the Recorder's Court for the City of Detroit before a jury of the crime of unlawful possession of narcotic drugs (10 capsules containing a total of 6.25 grains of heroin hydrochloride) contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

The defendant appeals, claiming that the evidence seized and admitted in evidence was unlawfully obtained.

Defendant claims that the police officers broke open the closed door of the apartment, searched the premises, and arrested the defendant and his guests. The police officers claim they were making a routine inspection of the apartment building when

they came to the defendant's apartment; further, that the door was half open and they observed the defendant pouring possible narcotics into red capsules, from a bottle in his hand. At this point they entered the room, arrested the defendant, confiscated the capsules and some syringes, and made the arrests. The other parties arrested were not charged with possession and were released.

The complaint and warrant were signed and issued on July 2, 1968. On July 19, 1968, the defendant waived examination. On August 15, 1968, the defendant was arraigned in Recorder's Court for the City of Detroit and stood mute, and a plea of not guilty was entered for him. A pretrial conference was heard on March 24, 1969. In the trial call statement he indicated a desire to file a motion. On May 13, 1969, the defendant filed a *praecipe* for motion to suppress evidence and the prosecutor's office waived the four-day notice. Said motion was noticed for May 16, 1969. The motion to suppress was not heard before trial, and defense counsel requested that the court delay its decision on the motion until after all the testimony had been heard. This took place on Thursday, May 15, 1969, at the beginning of the trial. The trial court took the motion under advisement. The contraband narcotics and syringes were admitted in evidence over objections of defense counsel. The trial was completed on Tuesday, May 20, 1969.

The court in its instructions to the jury stated in part as follows:

"Now during the trial defense has moved to suppress which [*sic*] to bar from evidence certain narcotics and narcotic equipment offered in evidence by the people. Usually such a motion is raised in advance of trial, and the judge who hears such a

motion determines the question of [*sic*] the basis of the affidavits or evidence at the hearing on the motion.

"Here, however, no such timely motion was filed. The question to be answered depends both upon the applicable law and on the facts as you found from the evidence. This means that I do not answer the question of whether or not you shall consider evidence which the people offer, except conditionally. I will instruct you on the law and leave to you as triers of the facts the determination of whether or not you will consider the testimony which the people offered as regards narcotics and narcotic equipment seized.

"I charge you therefore that if the officers were in the public hall of this apartment building, and if that door was opened, members of the jury, in the apartment building, the hall does become public. On an investigation and if through an open, or partially opened, door they could see and did see narcotics and narcotic equipment, or person using narcotics, in that case they had a right to enter and a right to arrest for a felony committed in their presence; and, consequently, a right to confiscate the narcotics and equipment found on the premises at the time they made the arrest. However, if the officers although in a public hall did not see such narcotics and narcotic equipment, or person using narcotics through an open or partially opened door, if they had to open the door, whether by force or not, in that case the entry would not be legal, and so the arrest or the confiscation would not be legal.

"If you find from the testimony that under the law as I have given it to you the officers entry was legal, you may then consider the evidence of what the officers seized in determining the guilt or innocence of this defendant. On the other hand, if you find under the law as I have given it to you that the entry was not legal, in that case you do not consider the evidence which was seized in reaching your

determination as to the guilt or innocence of this defendant. I repeat: take the law as I have given it to you and test the testimony which you believe on the basis of this law in determining whether or not you consider the offered evidence of narcotics and narcotic equipment. This evidence I have only accepted conditionally, conditioned on your determination of its legality in the light of the law as I give it to you, and the light of such testimony as you believe."

Now, it is true that the motion to suppress was not timely filed. However, the people through the prosecutor waived the four-day notice. The trial court could have properly determined that the motion was not timely filed and denied it. In 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), Search and Seizure, § 874, pp 1143, 1144, it is stated as follows:

"Courts cannot pause during the trial of a criminal case, when a bit of evidence admissible under the general rules is offered, to engage in a collateral inquiry as to how the prosecution became possessed of such evidence. That would be the trial of a collateral matter, and the courts have held that where evidence so offered is competent, the trial will not be halted to determine a collateral issue of whether or not the evidence was legally secured. The rule is well established that the legality or illegality of a search and seizure is a collateral matter, and must be raised by a timely motion to suppress the evidence. The court will not turn aside from the trial of the case to consider such a collateral matter. The trial court need not stop during the course of the trial to inquire how the evidence comes into court.

"It is the duty of counsel for the respondent, if he desires to test the validity of a search warrant,

or, the method by which evidence was secured by a search of the defendant's property or person, to raise the question by a timely motion to suppress such evidence before the trial, and, if it appears that the defendant's constitutional rights have been violated, it is the duty of the court to suppress the evidence. This rule announced in prior cases, and consistently followed by the supreme court, declares that evidence will be suppressed on a motion if obtained by illegal search and seizure, without a search warrant or lawful arrest, or without reasonable grounds or probable cause."

When the trial judge took the motion to suppress under advisement, that did not constitute a denial because it was not timely filed, but left the question open for decision.

Reversible error was committed when the court in its instructions informed the jury that the testimony had been received conditionally and could be considered by them if they determined that the search and seizure was legal. In the case of *People v. Walker* (1965), 374 Mich 331, it is stated on p 337 as follows:

"Capsulized, the question is: Will Michigan entrust the now required separate hearing on the issue of voluntariness to the trial judge alone and make his determination thereof final? This is the so-called 'orthodox' rule. Under this rule, if the judge finds on a proper record made the confession to be involuntary, the matter ends there and the jury never considers it. Contrariwise, if the judge determines it to have been voluntarily made, it is admitted. The issue of voluntariness is not submitted to the jury. Jury consideration is limited to its weight and credibility. *This rule is in legal substance an extension of the present concept of the admissibility of evidence challenged on a motion to suppress. If the evidence is suppressed, again*

*the matter ends there. If it is admitted, the jury may still consider its evidentiary weight."* (Emphasis supplied.)

The submission to the jury of the question of the admissibility of the evidence pertaining to the search and seizure was not proper and has no precedent of approval in our state. Upon a new trial the motion to suppress should be heard in advance of the trial and determined.

Reversed for new trial.

All concurred.