PEOPLE v HUDSON

Docket No. 58444. Submitted June 30, 1982, at Grand Rapids.—Decided December 13, 1982.

Wayne T. Hudson was convicted by a jury in Gladwin Circuit Court of breaking and entering an unoccupied dwelling with the intent to commit a larceny and was sentenced, Paul F. O'Connell, J. Defendant appeals. *Held:*

The trial court erred in informing the jury that a preliminary examination had been conducted and that there was probable cause to believe that the defendant committed the offense. Defendant is entitled to a new trial.

Reversed and remanded.

CRIMINAL LAW — BURDEN OF PROOF — JURY INSTRUCTIONS.

The burden of proof in a criminal case may not be placed on the defendant, and instructions of a trial court susceptible of any such interpretation are erroneous.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Douglas A. Jacobson,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Susan J. Smith),* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering an unoccupied dwelling with the intent to commit a larceny, MCL 750.110;

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 756.

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.305. Defendant was sentenced to 24 months probation with the first 6 months to be spent in Gladwin County jail and was ordered to pay $1,700 restitution, a $100 fine, and $200 in costs.

During trial, the trial court informed the jury that a preliminary examination had been conducted, the purpose of which was to establish that a crime had been committed and that there was probable cause to believe that the defendant had committed the offense. The judge distinguished between probable cause and proof beyond a reasonable doubt. No objection was raised. However, we cannot say that it is inconceivable that the jury would have reached a different result but for the error.

The trial court erred in explaining the purpose of the preliminary examination to the jury. In effect, the jury was informed that there was probable cause to believe that defendant was guilty. Such an instruction is likely to place the burden of proof on the defendant to prove his innocence. The burden of proof in a criminal case may not be placed on the defendant and instructions of the trial judge susceptible of any such interpretation are erroneous. *People v Clark,* 340 Mich 411, 418; 65 NW2d 717 (1954). We have not found the error harmless beyond a reasonable doubt and, therefore, defendant is entitled to a new trial. We find no merit in defendant's other assignments of error.

Reversed and remanded.