PEOPLE v MAYFIELD

Docket No. 178956. Submitted January 7, 1997, at Lansing. Decided February 21, 1997, at 9:15 A.M. Leave to appeal sought.

Michael Mayfield was convicted by a jury in the Genesee Circuit Court, Judith A. Fullerton, J., of carrying a concealed weapon, failing to obey a police officer's directions to stop a vehicle, and possession of a firearm by a person convicted of a felony. He then pleaded guilty of being a second-offense habitual offender. He was sentenced to concurrent terms of imprisonment of forty-eight to ninety months, twelve months, and forty-eight to ninety months for the respective convictions. The defendant appealed.

The Court of Appeals *held*:

1. The defendant failed to preserve for appellate review the issue whether the felon-in-possession charge should have been severed from the other charges because that charge required that the jury be presented with the evidence of the defendant's prior felony conviction. The defendant failed to take any action below to prevent the possibility of prejudice. Manifest injustice will not result from the failure to grant relief.

2. Because the defendant did not offer a stipulation conceding the fact of his prior conviction, he may not contend that the admission of evidence regarding the prior conviction, beyond the mere fact that there was a conviction, constituted error.

3. The defendant failed to preserve for appellate review his allegation that the testimony of a law enforcement officer implicated him in unrelated criminal activity.

4. The protection against double jeopardy was not violated by the convictions of carrying a concealed weapon and possession of a firearm by a person convicted of a felony.

5. The sentences were proportionate.

Affirmed.

1. CRIMINAL LAW — POSSESSION OF FIREARM BY PERSON CONVICTED OF FELONY — MULTIPLE CHARGES — EVIDENCE.

Adequate safeguards can be erected to ensure that a defendant charged with possession of a firearm by a person convicted of a felony and other felonies that arise from the same criminal transac-

tion suffers no unfair prejudice if separate trials are not conducted for each charge; the safeguards include introducing by a stipulation the fact of the defendant's prior conviction, limiting instructions emphasizing that the jury must give separate consideration to each count of the indictment, and instructions to only consider the prior conviction as it relates to the charge of being a felon in possession of a firearm (MCL 750.224f; MSA 28.421[6]).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — POSSESSION OF A FIREARM BY A FELON — CARRYING A CONCEALED WEAPON.

The statutes prohibiting being a felon in possession of a firearm and carrying a concealed weapon are aimed at distinctly different conduct; the Legislature intended to permit multiple punishments when a defendant's single act violates both statutes, and conviction of both offenses does not violate the protection against double jeopardy (MCL 750.224f, 750.227; MSA 28.421[6], 28.424).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Janet L. McLaren*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove*), for the defendant on appeal.

Before: MARKMAN, P.J., and O'CONNELL and D. J. Kelly*, JJ.

O'CONNELL, J. Defendant was convicted by a jury of carrying a concealed weapon (CCW), MCL 750.227; MSA 28.424, failing to obey a police officer's directions to stop a vehicle, MCL 750.479a; MSA 28.747(1), and possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f; MSA 28.421(6). He subsequently pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was sentenced to serve concurrent terms

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of imprisonment of forty-eight to ninety months, twelve months, and forty-eight to ninety months, for the respective convictions. Defendant now appeals as of right, and we affirm.

On April 25, 1994, State Police Trooper Sally Wolter attempted to stop a vehicle with broken taillights. Instead of pulling to the side of the road, the driver of the vehicle swerved down a side street and stopped. Wolter got out of her squad car and approached the vehicle. As she neared the driver's door, the vehicle accelerated. Wolter raced back to her car and radioed in that she was engaged in a chase. As the vehicle rolled down the street, the driver leapt out, apparently holding a weapon. He then dropped the weapon and fled on foot. Wolter initially gave chase, but had to return to stop the vehicle from rolling away. A woman in the vehicle identified defendant as the driver, and stated that defendant always carried a weapon because he was a drug dealer.

Wolter later ascertained that the vehicle was registered in the name of defendant and his sister. Wolter also positively identified defendant by his mug shot. Defendant turned himself in several weeks later.

Defendant was ultimately convicted by a jury of CCW, failing to obey a police officer's directions to stop a vehicle, and being a felon in possession of a firearm. He now appeals as of right.

Defendant first argues that the felon-in-possession charge should have been severed from the remaining charges because it was impossible for him to obtain a fair trial where, incident to the felon-in-possession prosecution, the jury was presented with evidence that defendant was *already* a felon. While this is an issue of first impression in the State of Michigan, this

issue has arisen in the federal courts. For example, in *United States v Mebust*, 857 F Supp 609, 612-613 (ND Ill, 1994), defendant Mebust was accused of stealing a Firearm Owner's Identification Card and using it to purchase weapons illegally. He was charged with illegally possessing firearms in violation of various subsections of 18 USC 922, including 18 USC 922(g)(1), which prohibits a felon from transporting or possessing any firearm in interstate commerce. All charges arose from the same incident. Mebust argued that he would be unfairly prejudiced by allowing the admission into evidence of proof of his twenty-year-old felony conviction, especially given that evidence of the conviction would not be admissible in any of the other prosecutions. He, therefore, sought to have the federal felon-in-possession prosecution severed from the remaining prosecutions.

The federal district court, after weighing the possibility of prejudice against the cost of separate trials, was not persuaded by defendant Mebust's argument. The court emphasized that because all the prosecutions arose from the same transaction, separate trials would have involved introduction of, essentially, the same evidence. The court characterized this as being tantamount to "squandering judicial resources," *Mebust, supra*, p 613, an end to be avoided if it was possible to conduct one fair trial rather than two or more. After considering the avenues available to the defendant to minimize or eliminate entirely any prejudice that might inhere to him, the court concluded that adequate safeguards could be erected ensuring that the defendant suffered no unfair prejudice.

> Specifically, (1) the fact of defendant's conviction could be introduced by a stipulation, (2) the court can give limiting instructions emphasizing that the jury must give separate consideration to each count of the indictment, and (3) more specifically, the jury could be instructed to only consider the prior conviction as it relates to [the felon-in-possession prosecution]. [*Id.*]

Because by these means a fair trial could be ensured, the court denied defendant Mebust's motion to sever the prosecutions. We find the reasoning set forth in *Mebust* to be persuasive and adopt it as our own.

Applying the *Mebust* considerations in the present context, it becomes apparent that defendant failed to take any action to minimize the potential for prejudice in the prosecutions below. Defendant did not move to sever the prosecutions, failing even to offer any type of objection below, which is to say, defendant has failed to preserve this issue. See *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). The purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice. *People v Taylor*, 195 Mich App 57, 60; 489 NW2d 99 (1992). While all of the prophylactic measures described in *Mebust* were available to defendant, he availed himself of none. Thus, defendant now seeks that we grant him a second and third trial, based on one criminal transaction and in which the evidence produced would be identical to that produced in the first trial, when the reason his concerns were not addressed below is due entirely to his inaction below. In light of the fact that defendant took no action to prevent the possibility of prejudice below, we decline

to grant defendant the relief he seeks. We do not believe that this will result in manifest injustice. See *Grant, supra,* p 547.

Defendant also raises an alternative argument in this context. He submits that if separate trials were not warranted, the prosecution should have been required to enter evidence of defendant's prior felony conviction by stipulation. According to defendant, he was prejudiced by the manner in which the prosecution introduced evidence of his prior conviction. Had defendant offered to concede the fact of the prior conviction, admission of evidence beyond such a stipulation may have constituted prejudicial error. See *Old Chief v United States,* 519 US ___; 117 S Ct 644; 136 L Ed 2d 574 (1997). However, because defendant offered no type of stipulation below, he may not now contend that the admission of evidence beyond the mere fact of his conviction constituted error. Again, we see no manifest injustice. *Grant, supra.*

Defendant next argues that he was denied a fair trial because the testimony of a law enforcement officer implicated him in unrelated criminal activity. Defendant did not object to this testimony at trial, and appellate review is precluded unless a curative instruction could not have eliminated the prejudicial effect or the failure to consider the issue would result in a miscarriage of justice. *People v Nantelle,* 215 Mich App 77, 87; 544 NW2d 667 (1996). Our review, again, reveals no miscarriage of justice.

Defendant next asserts that his convictions of both CCW and felon-in-possession violate the constitutional prohibition against double jeopardy. The purpose of the double jeopardy protection against multiple punishments for the same offense is to protect the

defendant's interest in not enduring more punishment than was intended by the Legislature. *People v Oxendine*, 201 Mich App 372, 374; 506 NW2d 885 (1993). The sole issue in such cases is whether the Legislature intended multiple punishments. *Id.* Here, the statutes are unquestionably aimed at distinctly different conduct. The concealed weapon statute, MCL 750.227; MSA 28.424, is aimed at protecting the public from the dangers of concealed weapons, regardless of who might be carrying them. On the other hand, the felon-in-possession statute, MCL 750.224f; MSA 28.421(6), is aimed at protecting the public from guns in the hands of convicted felons, whether those weapons are concealed or not. The distinct nature of these statutes leaves no question that the Legislature intended to permit multiple punishments when a single act violates both statutes. See *People v Sturgis*, 427 Mich 392, 409; 397 NW2d 783 (1986). Thus, conviction of both offenses does not violate double jeopardy.

Finally, defendant contends that the sentences imposed were disproportionately harsh. Given defendant's prior conviction of possession of a short-barreled shotgun, his subsequent probation violation, combined with his possession of a weapon and flight from the police during the current offense, defendant's sentences are proportionate to the circumstances surrounding his criminal background and the offense. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). Thus, the trial court did not abuse its discretion in sentencing defendant.

Affirmed.