*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN ALBERT CHRISTIANSON, JR.,

Defendant-Appellant.

UNPUBLISHED
August 17, 2023

No. 359421
Newaygo Circuit Court
LC No. 20-012565-FH

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Defendant, John Albert Christianson, Jr., appeals by right his convictions of carrying a concealed weapon (CCW), MCL 750.227; being a felon in possession of a weapon (felon-in-possession), MCL 750.224f; being a felon in possession of ammunition, MCL 750.224f(6); carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b; operating a motor vehicle without security, MCL 500.3102; and unlawful use of a license plate, MCL 257.256. After his convictions, defendant moved for a *Ginther*[1] hearing, which the trial court granted. Following the *Ginther* hearing, the trial court set aside defendant's conviction for operating a motor vehicle without security, however, the trial court denied setting aside the remainder of a defendant's convictions and this appeal ensued. For the reason set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

This case arises out of a motor vehicle stop that occurred in Newaygo County. After observing that defendant's vehicle had a severely cracked windshield and an expired license tab, police officers initiated a traffic stop. The officers ran defendant's license plate number into a data search operated by the Secretary of State and discovered that the insurance coverage on the vehicle was expired. Defendant provided his driver's license, but he was unable to provide registration and insurance paperwork. Defendant explained that the plate attached to the vehicle that he was

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

driving belonged to another of his vehicles. Defendant asked if he could call his wife so that she could send defendant proof of insurance; however, officers did not permit defendant to do so.

Defendant was then placed under arrest for the driving offenses, including no proof of registration or insurance. Subsequently, the arresting officer searched defendant as part of the arrest process and found both live and spent ammunition in defendant's pocket. Because defendant was being arrested, the officers conducted an inventory search of the vehicle before the vehicle was impounded. During the inventory search, the officers discovered a loaded pistol and additional ammunition.

Subsequently, defendant was charged consistent with his ultimate convictions. Defendant filed a motion regarding the search, arguing that the search was unlawful and that the evidence found must be suppressed. The trial court explained that the search of defendant's person incident to his lawful arrest was valid for the admission of the ammunition and that the inventory search of the vehicle was valid to admit the gun and ammunition found in defendant's vehicle.[2]

At trial, both officers testified. The leading officer explained that he determined one or two days after defendant's arrest that the vehicle that defendant was driving had insurance coverage but that the vehicle that the plate was associated with did not. This was determined when defendant's wife was attempting to get the vehicle out of impound and the officer ran the vehicle's identification number (VIN) through the system. The officer was asked why he did not run the VIN number instead of the license plate number to determine proof of insurance during the stop and before defendant's arrest, and he explained that he was unable to run the number because defendant was almost immediately asked to exit his vehicle because of officer safety concerns, including the fact that there was a baseball bat located right next to defendant.

Germane to this appeal, during trial, the jury submitted questions to the trial court and asked the officer about his justification for defendant's arrest. The officer explained that when he first ran defendant's name in the system, defendant was flagged as "an officer safety caution," and that the officer believed that he had probable cause to search defendant's vehicle. However, regardless of probable cause, the officer explained that the search conducted was an inventory search, implying that probable cause was not a factor for an inventory search. As a result, the prosecution recalled the same officer to testify and questioned him regarding his strategy to arrest someone who had traffic offenses but also other reasons to be arrested. The officer explained that he did not disclose the exact reasons for arrests because reactions have been unpredictable in his experience, and he clarified for the jury by stating that "it keeps getting brought up that this subject was just placed under arrest for plate and possibly no insurance. That is not the only reason that he went in handcuffs. I want to make that clear."

Ultimately, the jury found defendant guilty on all counts. Shortly thereafter, defendant moved for a new trial, arguing four issues. First, defendant argued that the final jury instructions regarding the lawfulness of the traffic stop, vehicle search, and search of defendant violated defendant's due-process rights. Second, defendant's due-process rights were violated because trial counsel failed to obtain a stipulation regarding the element of having a prior felony conviction,

---

[2]Defendant does not contest the searches in his appeal.

failed to file a motion to sever, and failed to file a motion in limine. Third, there was insufficient evidence to support a verdict for failure to maintain security because the electronic insurance information was inadmissible and insufficient, and was not objected to. Fourth, trial counsel was ineffective by not objecting to the officer's testimony regarding firearm functionality and arrest strategy, which caused prejudice to defendant. Appellate counsel also requested a *Ginther* hearing. The trial court held the motion for a new trial in abeyance and granted defendant a *Ginther* hearing for the purpose of obtaining trial counsel's defense strategy.

As previously mentioned, following the *Ginther* hearing, the trial court issued a written opinion denying defendant's motion for a new trial based on ineffective assistance of counsel except as to the charge of operating without security. The trial court explained that trial counsel was ineffective as to this latter charge only because evidence was presented that trial counsel knew, and had a recording to prove, that defendant likely had insurance at the time of his arrest, and despite, some speculation, defendant may have actually been innocent of operating without security. The trial court further explained that trial counsel's strategy was "sound" and that trial counsel was not deficient otherwise; accordingly, defendant was not prejudiced as to the rest of the charges. This appeal ensued.

## II. ANALYSIS

Defendant presents four arguments on appeal. First, defendant argues that the trial court violated his due-process rights by providing jury instructions regarding the lawfulness of the traffic stop and subsequent searches. Second, defendant argues that defense counsel was ineffective by failing to mitigate the introduction of defendant's past conviction into evidence at trial. Third, defendant argues that defense counsel was ineffective for various additional reasons. Fourth, defendant argues that the trial court improperly granted a new trial only as to his conviction of operating a motor vehicle without security and that a new trial must be granted as to all counts.

A. Jury Instructions.

In his brief on appeal, it is not clear whether defendant asserts within this issue an argument that defense counsel was ineffective for not objecting to the jury instructions. Additionally, any such argument is not included in the statement of the issue. As such we could find the argument waived. See MCR 7.212(C)(5); *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000). Further, defendant's failure to properly address the merits of his assertion of error can constitute abandonment of the issue. See *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004).

Typically, a defendant who waives an instructional issue cannot obtain appellate review. *People v Hall (On Remand)*, 256 Mich App 674, 679; 671 NW2d 545 (2003). Here, defense counsel twice expressed satisfaction with the jury instructions, which in most cases constitutes a waiver of any instructional issue on appeal. See *People v Kowalski*, 489 Mich 488, 504 n 27, 505;

803 NW2d 200 (2011). However, here, defendant raised his challenge to the jury instructions in his motion for a new trial so we consider the issue preserved.[3]

The trial court instructed the jury as follows:

> As I've just explained to you, you must take the law as I give it to you. Under the law, [defendant's] arrest for unlawful use of a registration plate and for no insurance, or security, was legal. You also need to understand that a person may be arrested based on probable cause, which is a low standard of proof.

> You, the jury, must still decide what the facts of the case are and whether the prosecution has proven each element of these offenses beyond a reasonable doubt.

> Deputy Israel acted lawfully when he searched [defendant] after being placed under arrest. This is called a search incident to arrest. Probable cause was not required to pat [defendant] down after he was arrested. The fact that [defendant] was under arrest justifies the search of his person. The inventory search of

---

[3] We are mindful that two unpublished cases of this Court have reached different conclusions as to whether this issue should be considered preserved. See *People v Dia*, unpublished per curiam opinion of the Court of Appeals, issued January 17, 2013 (Docket No. 308606), p 4 (stating that the focus of an instructional-error waiver is on the trial record and concluding that the trial court abused its discretion by granting the defendant's motion for a new trial when defense counsel affirmatively approved the jury instructions as given), lv den 494 Mich 870 (2013); see also *People v Palacios*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2017 (Docket No. 331909), pp 5-6 (concluding that the defendant's claim of instructional error raised in a motion for a new trial had merit, but ruling that the error was waived by counsel's express approval of the jury instructions). We note further that neither case has precedential value and we find neither case persuasive on this issue. See, MCR 7.215(C)(1); *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004). We decline publication on the issue of preservation because neither party directly addressed the issue of preservation relative to a motion for a new trial and defendant's brief on appeal is not in conformance with MCR 7.212(C)(5). However, we note for future panels the reason we reach a different result on the question of preservation from our colleagues in previous unpublished cases is based, in part, on our holding in *People v Mayfield*, 221 Mich App 656, 660; 562 NW2d 272 (1997), setting forth the purpose of preservation requirements. In *Mayfield*, we wrote: "The purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice." Here, in his motion for a new trial, defendant made all arguments to the trial court he makes on appeal regarding instructional error and the trial court had an opportunity to hear and rule on those arguments. Consequently, we deem the issue preserved.

[defendant's] truck was lawful because the vehicle was going to be impounded for not having a valid registration plate and for no insurance.

Even though I have held that the search was legal, it is still your responsibility and duty to determine whether the prosecution has proven all the elements of these offenses beyond a reasonable doubt.

\* \* \*

The defendant is not required to prove his innocence or to do anything. If you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.

"A court must properly instruct the jury so that [the jury] may correctly and intelligently decide the case." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018) (quotation marks and citation omitted; alteration in original). Jury instructions must include "all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id.* (quotation marks and citation omitted). The instructions must "fairly present[ ] the triable issues to the jury." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007), lv den 480 Mich 897 (2007). MCR 2.512 provides, in relevant part:

(B) Instructing the Jury.

(1) At any time during the trial, the court may, with or without request, instruct the jury on a point of law if the instruction will materially aid the jury in understanding the proceedings and arriving at a just verdict.

(2) Before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.

Jury instructions must be considered " 'as a whole, rather than piecemeal, to determine whether any error occurred.' " *Traver*, 502 Mich at 31, quoting *Kowalski*, 489 Mich at 501.

Defendant argues that the trial court's instructions informed the jury that probable cause existed that defendant committed the two misdemeanor offenses and that this violated his right to due process by impermissibly shifting the burden of proof to defendant. See *Ulster Co Court v Allen*, 442 US 140, 157; 99 S Ct 2213; 60 L Ed 2d 777 (1979).

Contrary to defendant's argument, this case is unlike *People v Hudson*, 123 Mich App 624, 624; 333 NW2d 12 (1982),[4] in which the trial court instructed the jury that a preliminary

---

[4] Court of Appeals cases decided before November 1, 1990, are not binding. MCR 7.215(J)(1). Although this Court is not "strictly required to follow uncontradicted opinions from this Court decided prior to November 1, 1990, those opinions are nonetheless considered to be precedent and

examination had been conducted, the purpose of which was to establish that a crime had been committed and that there was probable cause to believe that the defendant had committed the offense at issue. "In effect, the jury was informed that there was probable cause to believe that defendant was guilty." *Id*. Conversely, in criminal cases, questions of law, such as the lawfulness of an arrest, are for the trial court to decide and questions of fact are for the jury to decide, *unless* the lawfulness of the arrest is an element of a crime. *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014); *People v Moore*, 36 Mich App 87, 91; 193 NW2d 167 (1971) ("The rule is well established that the legality or illegality of a search and seizure is a collateral matter, and must be raised by a timely motion to suppress the evidence.") (quotation marks and citation omitted).

The trial court specifically instructed the jury that the jury should not consider the legality of the stop, arrest, and search of defendant because the court had already made those determinations but still instructed the jurors that they must make findings of fact regarding each element of each offense. The trial court even brought the jury's attention to the fact that probable cause to arrest is a much lower standard of proof than beyond a reasonable doubt. Further, the lawfulness of defendant's arrest and subsequent searches were not elements of any of the charged offenses. On this record, we discern no error.

In the absence of any instructional error, it follows that trial counsel could not have been ineffective for failure to object to proper jury instructions as this Court does not impute error to trial counsel for failure to object to jury instructions when the instructions themselves are not erroneous. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Therefore, defense counsel did not render ineffective assistance by failing to object to the instructions. See *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). Because defendant has not established that trial counsel's performance fell below the objective standard of reasonableness, defendant's claim of ineffective assistance must fail. See *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Moreover, to the extent that defendant asserts that the prosecutor committed prosecutorial misconduct by emphasizing the trial court's instruction and thereby improperly bolstering Deputy Israel's testimony, any such argument is also not properly before this Court because it is not included in the statement of the issue, see MCR 7.212(C)(5); *Brown*, 239 Mich App at 748, and defendant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue, see *Matuszak*, 263 Mich App at 59. Nevertheless, because the trial court did not err by providing the jury with these instructions, it also follows that the prosecutor did not engage in misconduct by discussing the trial court's instructions with the jury.

B. Prior Felony.

---

entitled to significantly greater deference than are unpublished cases." *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019) (quotation marks and citation omitted).

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). We review de novo whether a particular act or omission fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant. *Id*. at 19-20. Further, we review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

Defendant argues that his due-process rights were violated because defense counsel failed to mitigate the introduction of his past felony conviction. At the *Ginther* hearing, trial counsel revealed that she felt it was good strategy for the jury to see what the exact felony was and the age of defendant when he committed the felony. Allowing the jury to know the age and exact crime trial counsel stated, would not allow the jury to speculate as to the nature of the prior felony and presume it was for a far worse crime. In addition, trial counsel believed that allowing the jury to know the exact date of the felony allowed her to explain that defendant's prior record was the result of his youth.

The Michigan Constitution guarantees the right to have the assistance of counsel in a criminal proceeding. See Const 1963, art 1, § 20. "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v Washington*, 466 US at 686, (quotation marks and citation omitted). If the defense counsel provided deficient assistance and the deficient performance prejudiced the defendant's trial, the defendant is entitled to a new trial. *Id*. at 687. A defendant who claims ineffective assistance "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id*. at 688. The defendant must also show that there was a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 694. There is a "strong presumption that counsel's performance was born out of sound trial strategy." *Trakhtenberg*, 493 Mich at 52. "[T]rial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

Defendant, relying on *People v Swint*, 225 Mich App 353, 378; 572 NW2d 666 (1997), and this Court's interpretation therein of *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997), argues that a trial court commits error by denying a motion to preclude evidence of a prior conviction when a stipulation is offered. We do not read either of those cases to direct such a result. In *Swint*, 225 Mich App at 377-379, this Court noted that it is permissible for a defendant to stipulate to the existence of a prior felony conviction without disclosing the nature of the prior conviction. This Court referred to the Supreme Court's determination that FRE 403, which is identical with MRE 403, precludes the admission of evidence regarding the name and nature of the defendant's underlying felony in light of an offered stipulation to prevent improper propensity evidence that may create a prejudicial effect. *Id*. at 378. This Court further noted that when a defendant offers to concede the fact of the prior conviction, admission of evidence beyond such a stipulation may constitute prejudicial error. *Id*. at 377.

In *Old Chief*, 519 US at 175, the defendant requested that the trial court enter an order requiring the prosecution to refrain from mentioning the name and nature of his underlying felony, except to state that the defendant had been convicted of a crime punishable by imprisonment exceeding one year. The trial court rejected the defendant's offer to stipulate and permitted the prosecutor to introduce evidence of the defendant's felony conviction. *Id.* at 177. The Supreme Court explained,

> In dealing with the specific problem raised by [18 USC] 922(g)(1) [the federal felon-in-possession statute] and its prior-conviction element, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case, for the reasons already given, but will be substantial whenever the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning. [When] a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious . . . . [*Id.* at 185.]

Here, defendant is alleging error based not on a refusal by the trial court to allow him to stipulate to his prior felony but because his trial counsel failed to so stipulate. It therefore becomes clear that *Old Chief* and *Swint* are factually distinguishable from this case because here, the trial court made no ruling relative to defendant's prior felony conviction.

During the *Ginther* hearing, defense counsel explained that she did not seek a stipulation because she feared that the jury would be left wondering what the felony charge was. Specifically, trial counsel stated,

> Well, I talked with [defendant] and the breaking and entering occurred when he was younger and so he was able to say that, you know, this was a mistake when he was younger, and I did not want the jury to just wonder what the felony was. They'd think the worst. They just tend to. So it was—it was a strategy.

Trial counsel's testimony described a conversation in which she and defendant discussed the strategy and together decided that the jury should know the nature of his felony conviction. Further, trial counsel explained that she knew that the certified copy of the conviction that she did not object to being admitted into evidence would include the date of the conviction, which she thought would be helpful for the jury to understand the age of the offense. Additionally, trial counsel purposely discussed defendant's age at the time of his past felony in her statements to the jury to make his prior conduct appear more a youthful indiscretion than that of a hardened criminal.

In contrast, during the evidentiary hearing, defendant did not develop the record to prove that defendant was unaware of the strategy to name the nature of his past conviction or that he objected to it. Additionally, we do not glean from either *Old Chief* or *Swint* that a failure to request a stipulation is tantamount to deficient performance on the part of trial counsel. Accordingly, on this record, we cannot find evidence to lead us to conclude that the trial court erred in its denial of defendant's request for a new trial.

C. Severance.

Next, defendant argues that trial counsel was ineffective for failing to move to sever both felon-in-possession charges from the remaining charges, leaving his felon-in-possession charges severed from the remaining charges.

In *Mayfield*, 221 Mich App at 659, this Court stated that the necessity of severing a felon-in-possession charge from the remaining charges so to ensure that a defendant obtained a fair trial was an issue of first impression for this State, however, federal courts had already made rulings on this issue. Thus, this Court looked to federal courts for guidance, citing and utilizing the analysis in *United States v Mebust*, 857 F Supp 609, 612-613 (ND Ill, 1994). In *Mebust*, 857 F Supp at 613, all the charges arose from the same transaction, similar to this case. The defendant argued that he would be unfairly prejudiced by allowing the admission of proof of his felony conviction from 20 years before his then-current convictions. *Id*. at 612. The court emphasized the fact that all the offenses arose from the same transaction and that separate trials would involve the same evidence, which would be tantamount to "squandering judicial resources." *Id*. at 613. The court referred to various avenues available to the defendant to minimize or eliminate any prejudice. *Id*. Specifically,

> (1) the fact of defendant's conviction could be introduced by a stipulation, (2) the court can give limiting instructions emphasizing that the jury must give separate consideration to each count of the indictment, and (3) more specifically, the jury could be instructed to only consider the prior conviction as it relates to [the felon-in-possession prosecution]. [*Id*.]

In *Mayfield*, 221 Mich App at 660, this Court also considered the fact that the defendant failed to take any action to minimize the potential for prejudice in the trial court, which constituted a failure to preserve the issue. This Court specifically noted that the defendant did not move to sever the prosecutions and failed to even offer any type of objection. *Id*. This Court denied the defendant's argument and explained,

> …While all of the prophylactic measures described in *Mebust* were available to defendant, he availed himself of none. Thus, defendant now seeks that we grant him a second and third trial, based on one criminal transaction and in which the evidence produced would be identical to that produced in the first trial, when the reason his concerns were not addressed below is due entirely to his inaction below. [*Id*.]

This case is similar because all of defendant's charges arise out of the same transaction and the same evidence would be presented at a subsequent trial. Further, as indicated earlier, defendant was aware of trial counsel's strategy to provide knowledge instead of mystery for the jury regarding defendant's past conviction. And, even knowing this strategy, no objections were made by either defendant or trial counsel to preserve the record on this issue during trial. In fact, even at the *Ginther* hearing, appellate counsel asked trial counsel only one question regarding this issue asking, "Did you consider filing a motion to sever the felon-in-possession or the ammunition in possession or—felon in possession of ammunition from the other counts?" Trial counsel simply responded, "No." Defendant did not present any other evidence regarding how trial counsel's decision not to move to sever the charges was deficient or caused prejudice. He simply asks this Court to presume prejudice. Therefore, even if we were to presume that trial counsel was deficient

in her failure to request severance, we cannot find within this record any evidence that the error was prejudicial. See *Strickland*, 466 US at 688. Accordingly, defendant is not entitled to relief on this issue.

D. Limiting Instruction.

Defendant also argues that a cautionary or limiting instruction regarding the introduction of defendant's prior felony should have been provided to the jury. We have previously addressed defendant's arguments regarding jury instructions, and finding no error therein, conclude that no limiting instruction was therefore necessary.

As previously stated, the trial court went into a thorough instruction regarding each specific offense and the elements that needed to be proven for each offense. The trial court made repeated instructions that the jury must consider each offense separately. Further, the trial court described defendant's prior conviction as a "specified felony" and then named the felony in the element instruction only for the felon-in-possession offenses. It has become common knowledge that the question of whether a defendant is a convicted felon is an element of the crime of being a felon-in-possession. MCL 750.224(f); *People v Tice*, 220 Mich App 47, 53; 558 NW2d 245 (1996), and, jury instructions must include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence. *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004).

The trial court's instructions appropriately instructed the jury regarding the jury's responsibility to view the evidence for each offense separately. Further, the instructions carefully itemized each specific element of each offense. The same jury also had access to the agreed-upon certified record of defendant's past felony conviction, which included the name, nature, and year of the offense. The jury was already aware of defendant's conviction, and we cannot construct an objection or argument in this matter whereby the inclusion or omission of the name of the offense would have changed the outcome. Accordingly, defendant is not entitled to relief on this issue.

E. Trial strategy.

In his appeal, defendant argues that trial counsel was ineffective because she failed to develop a coherent trial strategy and the strategy that she did employ was not sound. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 US at 689-691. Review of ineffective-assistance-of-counsel claims must avoid "intensive scrutiny of counsel," and the court must apply "a heavy measure of deference to counsel's judgments." *Id*.

As indicated earlier, there is a "strong presumption that counsel's performance was born out of sound trial strategy." *Trakhtenberg*, 493 Mich at 52. Here, during her testimony at the *Ginther* hearing, trial counsel explained that she considered all the mitigation tools referred to earlier, but after speaking to defendant, she decided that it was best for the jury to know the nature of defendant's past conviction so that the jury was not left wondering. Trial counsel also wanted the jury to be aware of the age of the past conviction and the age of defendant when he committed the offense. The trial court found that trial counsel had a "sound trial strategy" explaining,

-10-

It was sound trial strategy to get the information on the date of the prior felony to the jury. It was sound trial strategy to let the jury know that defendant's conviction was not for a similar offense to the one he was on trial for. Simply offering a stipulation to a prior felony could have caused prejudice to defendant because the jury could have thought it was much more serious offense, like criminal sexual conduct, armed robbery, or homicide.

An attorney's representation is not deficient merely because the strategy is not successful. *Matuszak*, 263 Mich App at 61. Further, defendant did not present any evidence at the *Ginther* hearing regarding how trial counsel's performance was deficient or, had trial counsel sought any of the mitigation methods, how there was any reasonable likelihood of a different outcome. Appellate counsel admits that even if trial counsel would have asked for a limiting instruction or severance, "under these circumstances of a case like this, it's probably going to be denied . . . ." "[T]rial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *Fike*, 228 Mich App at 182. Therefore, we conclude that trial counsel was not ineffective on these issues.

F. Additional Grounds for Ineffective Assistance of Counsel.

During trial, trial counsel attempted to cast doubt on the constitutionality, legality and legitimacy of the police actions surrounding defendant's stop. Focusing primarily on the officer's testimony regarding officer safety and the reasons for stopping defendant, defendant argues that trial counsel was ineffective by causing irrelevant and damaging testimony regarding the stop.

The record in this matter reveals that the leading officer provided a significant amount of testimony related to the reasons for the traffic stop, arrest, and subsequent searches of defendant. At the end of his explanation regarding his process to arrest people based on his experience he concluded: "So, no, I know they keep—not they, it keeps getting brought up that [defendant] was just placed under arrest for plate and possibly no insurance. That is not the only reason that he went in handcuffs. I want to make that clear."

At the *Ginther* hearing, appellate counsel also questioned the timing of trial counsel's objections during the officer's testimony regarding ballistics and his explanation for the arrest. When questioned about this at the *Ginther* hearing, trial counsel explained that the officer can talk fast. But, ultimately, trial counsel did not believe that his responses were prejudicial. Trial counsel explained that she wanted to do everything to create a reasonable doubt for the jury, "whether it's talking about the stop or any of the other facts." She continued to explain that the entire case was premised on a traffic stop, so if she could cause a reasonable doubt by confusing the jury or leaving the jury with unanswered questions, that was her goal. Trial counsel's strategy applied to the officer's testimony regarding officer safety and the reasons that led to defendant's stop, search, and arrest.

Trial counsel indicated that she discussed the officer's reasoning for the traffic stop with defendant and explained that after the motion was denied on the basis that the stop, arrest, and searches were lawfully justified, she felt it was important to have the information explained for the jury. By doing so, she stated, she intended to raise reasonable doubt.

-11-

Here, in the admitted testimony the officer alluded to the possibility that there was additional justification beyond the traffic offenses instead of directly saying that defendant was a convicted felon. However, his statement could have caused the jury to question defendant's character and what else defendant could have done that caused his arrest. Consequently, trial counsel should have objected toward the conclusion of the officer's remarks on this issue, and trial counsel's lack of objection fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 US at 688.

Finding that trial counsel was ineffective does not end our inquiry. If defense counsel provided deficient assistance, defendant next must demonstrate that the deficient performance prejudiced his trial. *Id*. at 687. Defendant must show that there was a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 694.

Here, appellate counsel admits that the justification for defendant's stop, arrest, and searches are irrelevant to the elements of defendant's charged offenses. Further, trial counsel sought to admit such evidence to create confusion and doubt among the jury. The jury was instructed regarding the elements of each charged offense and what was necessary to prove each offense and directly informed that the trial court already deemed the stop, arrest, and search to be lawful. This instruction would mitigate any prejudice caused by testimony regarding the specifics, real or imagined, of the stop, arrest, and search.

It is important to recall that most of the testimony in this matter was straight-forward, establishing that defendant was lawfully pulled over because of a cracked windshield and expired registration. Defendant was unable to provide proof of insurance and almost immediately admitted that he illegally switched the tabs between two plates of the vehicles that he owned. Defendant also failed to provide proof of insurance. The lawful subsequent searches resulted in multiple calibers of live and spent ammunition in defendant's pocket, multiple calibers of live and spent ammunition in defendant's vehicle, and a loaded firearm in defendant's vehicle. Review of the record evidence against defendant was significant, and we can reach no other conclusion than the jury would have rendered the same verdict even if the disputed portions of the officer's testimony were objected to or even completely absent from the trial. Accordingly, defendant is not entitled to relief on this issue.

Defendant next argues that trial counsel was ineffective for failing to present alternative justifications for the gun and ammunition to be in defendant's vehicle.

At the *Ginther* hearing, appellate counsel asked trial counsel if she was aware that defendant was living with other people at the time of the incident or if other people had access to his vehicle, and if defendant kept his truck locked. Trial counsel explained that she assumed that defendant lived with his wife and that she could not remember if she asked defendant about who had access to his vehicle or if he kept it unlocked because it had been over a year later. Trial counsel explained that defendant never told her that anyone had access to his vehicle and that defendant informed her that the gun "could have been in there" when she questioned him about if he knew the gun or ammunition was in the vehicle.

Again, there is a "strong presumption that counsel's performance was born out of sound trial strategy." *Trakhtenberg*, 493 Mich at 52. "A fair assessment of attorney performance

-12-

requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 US at 689-691. Review of ineffective-assistance-of-counsel claims must avoid "intensive scrutiny of counsel," and the court must apply "a heavy measure of deference to counsel's judgments." *Id*.

Trial counsel spoke to defendant regarding his case several times and discussed the possibility of other individuals accessing defendant's vehicle. Defendant did not specify anyone to address this defense and even alluded to the fact that he knew that the gun was in the vehicle. Further, defendant failed to present any witnesses or other evidence that would corroborate appellate counsel's theory at the motion for a new trial and *Ginther* hearing.

Regarding this issue, one of the purposes of a *Ginther* hearing is for the defendant to make a testimonial record at the trial court level that "evidentially supports his claim and which excludes reasonable hypotheses consistent with the view" that defense counsel provided adequate representation. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973) (quotation marks and citations omitted). However, defendant failed to present evidence of his theory. Therefore, trial counsel's failure to introduce evidence regarding the alternative justification for the gun and ammunition in defendant's vehicle was not deficient and, even if it was, defendant failed to show that any deficiency prejudiced the outcome of the trial. Accordingly, defendant is not entitled to relief on this issue.

G. Motion for New Trial.

Defendant alleged that trial counsel was ineffective and committed multiple errors. On appeal, defendant argues that, because the trial court determined that trial counsel was ineffective as to one of the convictions, then a motion for a new trial must be granted for all charges. As previously explained, defendant failed to show that trial counsel was ineffective regarding the other issues on appeal. One of the two prongs of the test to determine ineffective assistance of counsel is whether the defendant demonstrated prejudice such that he was entitled to a new trial. *Strickland*, 466 US at 697. It is insufficient to merely claim that the result would have been different. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilty." *Strickland*, 466 US at 695. The burden is on the defendant to establish the factual predicate of an ineffective assistance of counsel claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

We review the trial court's grant or denial of a motion for a new trial for an abuse of discretion. See *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012). A trial court should grant a motion for a new trial only when "the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). Appellate review of a trial court's determination that a verdict was not against the great weight of the evidence is for an abuse of discretion. *People v Unger*, 278 Mich App 219, 232; 749 NW2d 272 (2008). A trial court abuses its discretion when it selects an outcome that is outside the range of principled outcomes. *People v Kosik*, 303 Mich App 146, 154; 841 NW2d 906 (2013).

Determining whether a verdict is against the great weight of the evidence requires a review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds *Lemmon*, 456 Mich 625. Absent exceptional circumstances, however, a reviewing court may not substitute its views of the credibility of witnesses for that of the jury. See *Lemmon*, 456 Mich at 642. "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). "The hurdle that a judge must clear in order to overrule a jury and grant a new trial is unquestionably among the highest in our law." *Unger*, 278 Mich App at 232 (quotation marks and citation omitted).

Here, defendant argues that trial counsel was ineffective for multiple errors during trial. Defendant provided factual summaries of the trial and what trial counsel did during the trial. However, in his analysis regarding any prejudice caused by trial counsel's alleged ineffective assistance of counsel for the issues presented in the appeal, defendant asserts that "when ineffective assistance of trial counsel taints confidence in the outcome of the trial, the remedy is an entire new trial, not just on isolated counts." In support of his arguments on this issue, defendant directs this Court to *People v Terrell*, 495 Mich 869; 837 NW2d 277 (2013), expert witness testimony, *id.*, a failure to investigate a case properly, *Trakhtenberg*, 493 Mich 38, and trial counsel's lack of knowledge regarding the admission of evidence, *People v Armstrong*, 490 Mich 281; 806 NW2d 676 (2011). However, we find defendant's citations distinguishable from this matter.

Here, the trial court granted defendant's motion for a new trial as to the charge of operating a motor vehicle without insurance only. The trial court determined that trial counsel may have been ineffective as to this count because she had video evidence in her possession that, on the day of the incident, defendant's vehicle may have been insured, thereby, possibly proving defendant's innocence of that charge. This factual determination is extremely specific to this charge and does not impact the verdict on any of the other charges. Evidence was presented that defendant was initially stopped for a severely cracked windshield and expired registration. Defendant's lack of insurance was not even a reason for the police encounter until defendant disclosed it to the officers during the traffic stop. The officers could lawfully arrest defendant for the expired registration and would have proceeded to pat down and search defendant in the same way regardless of whether defendant was guilty of not having proof of insurance.

We conclude that defendant failed to produce any evidence that would lead us to conclude that there was a reasonable probability that, but for counsel's errors, the result would have been different and that defendant's ineffective assistance of counsel claim as to the other issues on appeal must fail. See *People v Hoag*, 460 Mich 1, 9; 594 NW2d 57 (1999).

H. Use of Secretary of State Database

Defendant argues that the prosecution improperly relied on the Secretary of State's database to meet its burden to justify the warrantless vehicle stop of defendant because the use of the database by law enforcement is not permitted by statute. Even if true, this Court has held that the exclusionary rule does not apply in such cases.

In *People v Mazzie*, 326 Mich App 279, 290; 926 NW2d 359 (2018) this Court stated:

"[W]here there is no determination that a statutory violation constitutes an error of constitutional dimensions, application of the exclusionary rule is inappropriate unless the plain language of the statute indicates a legislative intent that the rule be applied." *People v Hawkins*, 468 Mich 488, 507; 668 NW2d 602 (2003). Further, "where the objective of the rule—to sanction police misconduct as a means of deterrence—would not be served," *id.* at 511, the court should permit the proponent to introduce the evidence at trial, *Id.* at 510-512. See also *People v Hamilton*, 465 Mich 526, 534-535; 638 NW2d 92 (2002); *People v Sobczak-Obetts*, 463 Mich 687, 712; 625 NW2d 764 (2001); *People v Stevens (After Remand)*, 460 Mich 626, 631; 597 NW2d 53 (1999). Hence, when addressing the appropriate remedy for a *statutory* violation, the exclusion of evidence is not the go-to, or default, remedy. Instead, the drastic remedy of excluding evidence can only come into play if the legislative intent, gleaned from the words of the statute, permits its use. *Hawkins*, 468 Mich at 500.

Here, defendant does not direct us to any portion of the statute which would allow a court to suppress information given out by the Secretary of State. Furthermore, as pointed out by this Court in *Mazzie*, "[n]othing within MCL 257.227 or MCL 500.3101a indicates a legislative intent that the drastic remedy of the exclusion of evidence should be applied for violations of these statutes. Neither statute indicates that, should the confidential information be shared in a manner other than specifically permitted, the exclusionary rule is applicable." *Id.* at 290-291. We therefore discern no remedy in the statute or case law which would allow this Court to grant defendant the relief he requests. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel

-15-