*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHAYNE CHRIS SMITH,

        Defendant-Appellant.

UNPUBLISHED
March 10, 2022

No. 355211
Oceana Circuit Court
LC No. 20-013989-FH

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of manufacturing a short-barreled shotgun or rifle, MCL 750.224b, possession of a firearm by a felon, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 36 months to 30 years' imprisonment for the short-barreled shotgun conviction, 36 months to 30 years' imprisonment for the felon-in-possession (concurrent to the sentence for manufacturing a short-barreled shotgun), and two years' imprisonment for the felony-firearm conviction (consecutive to the sentence for felon-in-possession). We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

First, defendant argues that the evidence was insufficient to support his short-barreled rifle conviction because the prosecution failed to establish that the weapon, as modified, had an overall length of less than 26 inches.

This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). The evidence is reviewed "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. This standard is deferential and the Court must draw all reasonable inferences and make credibility choices in favor of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.224b(1) provides, "A person shall not make, manufacture, transfer, or possess a short-barreled shotgun or a short-barreled rifle." A "short-barreled rifle" is "a rifle having 1 or more barrels less than 16 inches in length or a weapon made from a rifle, whether by alteration, modification, or otherwise, if the weapon as modified has an overall length of less than 26 inches." MCL 750.222(k). A "short-barreled shotgun" is "a shotgun having 1 or more barrels less than 18 inches in length or a weapon made from a shotgun, whether by alteration, modification, or otherwise, if the weapon as modified has an overall length of less than 26 inches." MCL 750.222(*l*).

The record reflects that the sawed-off portion of a barrel was the only piece of the gun that was recovered; the remainder of the firearm was never found and therefore was not presented at trial. However, we conclude that the testimony, viewed in the light most favorable to the prosecution, supports the inference that the firearm was less than 26 inches in length after defendant cut the barrel off. The record reflects that defendant's companion, George Meadows, walked into his garage as defendant was using a grinder to cut the barrel off a .410 Rossi gun. At trial, Meadows was asked how long the gun was after defendant cut the barrel off, and he responded, "Probably that long (indicating), I guess, with the stock on it." Meadows was asked, "Do you think it was less than 26 inches in length?" and he responded, "Yeah, probably."

The jury had the opportunity to observe Meadows's gesture and how he estimated that the gun was less than 26 inches after being cut. The jury observed Meadows's demeanor while answering "Yeah, probably" and could make determinations regarding his credibility, including an assessment of the certainty with which he answered. Viewed in a light most favorable to the prosecution, Meadows's testimony was sufficient to allow a reasonable jury to infer beyond a reasonable doubt that the firearm ended up with an overall length of less than 26 inches. Accordingly, because the remaining elements are not contested, the evidence was sufficient to support defendant's conviction of possession or manufacture of a short-barreled rifle or shotgun.

## II. PROSECUTORIAL ERROR

Defendant argues that the prosecutor committed plain error during his closing argument by commenting on facts not of record and by improperly vouching for Meadows's credibility. Alternatively, he argues that defense counsel was ineffective for failing to object to the challenged arguments.

Unpreserved issues regarding prosecutorial error are reviewed "for outcome-determinative, plain error." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Prosecutorial error occurs where the prosecutor abandons his or her responsibility to seek justice and, in doing so, denies the defendant a fair and impartial trial. *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014). "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *Unger*, 278 Mich App at 236. A "prosecutor may not make a statement of fact to the jury that is unsupported by evidence, but she is free to argue the evidence and any reasonable inferences that may arise from the evidence." *People v Ackerman*, 257 Mich

App 434, 450; 669 NW2d 818 (2003). Additionally, a "prosecutor may not vouch for the credibility of his witnesses by suggesting that he has some special knowledge of the witnesses' truthfulness. However, the prosecutor may argue from the facts that a witness should be believed." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009) (quotation marks, citations, and alteration brackets omitted). "A prosecutor's remarks must be examined in context and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial to determine whether a defendant was denied a fair and impartial trial." *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005).

First, defendant challenges the prosecutor's arguments that Meadows was certain about what occurred, including by characterizing Meadows's testimony as clear, unequivocal, and unambiguous. We conclude that those arguments were supported by the record. Meadows testified that, although an injury had left him with some problems with short-term memory, the injury did not affect his ability to recount what happened, that his recollection was clear, and that he was certain about what he told the jury. Given this testimony, the prosecutor's comments concerning Meadows's certainty were supported by evidence.

Next, defendant challenges the prosecutor's argument that Lela Weger's testimony was consistent with Meadows's testimony and thus lent credibility to Meadows's account. We conclude that this was an accurate summary of the evidence: Weger testified that her son brought a gun barrel home from Meadows's home, and Meadows similarly testified that Weger's son took the sawed-off portion of the gun barrel home. The prosecutor could properly comment on the consistency of these statements and argue that Meadows should therefore be believed. *Seals*, 285 Mich App at 22.

The prosecutor's arguments about reasonable doubt were also proper, as the prosecutor was charged with establishing defendant's guilt beyond a reasonable doubt and was entitled to argue the evidence and any reasonable inferences arising therefrom in those terms. These comments did not amount to prosecutorial error.

Finally, defendant challenges the prosecutor's rebuttal argument concerning Meadows's short-term memory loss. A main theme of defense counsel's closing statement was credibility, including that Meadows was not credible because of his memory problems. In response to this argument, the prosecutor argued that Meadows's memory issues did not impact his recollection of the events in question. While Meadows did not testify at length about the intricacies of his memory loss, the prosecutor's argument was reasonable and proper based on Meadows's statements that he was able to recall the events in question with certainty. Nor, contrary to defendant's argument, were the prosecutor's comments in essence improper expert testimony. The prosecutor specifically acknowledged that he was not a medical expert and instead advanced reasonable inferences based on Meadows's testimony.

Alternatively, even if the prosecutor's comments about the extent of Meadows's memory issues went beyond the scope of what would be reasonable to infer, any prejudice was cured by the trial court's instruction that the attorneys' arguments were not evidence and that it was solely the role of the jury to evaluate witness credibility. Accordingly, even if these statements were erroneous, defendant has failed to establish that the error affected his substantial rights.

Given that the prosecutor's comments were not improper, defense counsel was not ineffective for failing to object to the challenged portions of the prosecutor's closing and rebuttal arguments. Because any objection to the prosecutor's arguments would have been futile, defendant cannot show that his trial counsel performed deficiently. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

### III. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises additional ineffective assistance arguments in his initial appellate brief, supplemental brief, and personally in his Standard 4 brief.

"Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016) (citations omitted). But when there has been no evidentiary hearing to develop the facts supporting an ineffective assistance argument, review is limited to mistakes apparent on the existing record. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

The effective assistance of counsel is presumed and a defendant bears a heavy burden to prove otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "[T]o find that a defendant's right to effective assistance of counsel was so undermined that it justifies reversal of an otherwise valid conviction, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

First, defendant argues that his trial counsel provided ineffective assistance by failing to call an expert witness to impeach Meadows regarding his traumatic brain injury and resulting memory problems. However, defendant has failed to establish the factual predicate for his claim. "Without some indication that a witness would have testified favorably, a defendant cannot establish that counsel's failure to call the witness would have affected the outcome of his or her trial." *People v Carll*, 322 Mich App 690, 703; 915 NW2d 387 (2018). Defendant has not identified an expert or presented anything to suggest that an expert exists who would have provided favorable testimony. As the prosecution argues, the record does not clearly indicate what type of head injury Meadows sustained or whether he had a specific medical diagnosis of traumatic brain injury. Defendant has failed to provide this Court with any evidence to establish the factual predicate for this argument.

Second, defendant argues that his trial counsel failed to object to the prosecutor's questioning of a witness in a way that defendant's characterizes as attempts at character assassination. "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *Unger*, 278 Mich App at 242. Declining to raise objections can often be consistent with sound trial strategy. *Id.* "If counsel's strategy is reasonable, then his or her performance was not deficient." *People v Randolph*, 502 Mich 1, 12; 917 NW2d 249 (2018).

During his direct examination of Weger, the prosecutor asked questions about her relationship with defendant and her thoughts about life choices, apparently in an attempt to explain her recent inability to remember her statements to the police and to explain why she no longer had a close relationship with him. The only potentially objectionable question and response involved whether some of defendant's choices with which Weger did not agree were criminal in nature. However, it was reasonable for defense counsel to have declined to raise an objection, because "[c]ertainly there are times when it is better not to object and draw attention to an improper comment." *People v Bahoda*, 448 Mich 261, 287 n 54; 531 NW2d 659 (1995). This is particularly true here since the jury was already aware defendant was a convicted felon. For this same reason, the prosecutor's question about defendant's criminal choices, and Weger's brief response, did not affect the outcome of the proceedings, and defendant cannot establish that he suffered any prejudice as a result of his counsel's decision not to object.

Third, defendant argues that his counsel should have objected to the prosecutor's statement during closing arguments that it was not reasonable to believe that defendant, a convicted felon, did not possess a firearm. However, again, the prosecutor was entitled to argue the evidence and all reasonable inferences arising therefrom, and any objection would have been futile. Defense counsel's decision not to raise this futile objection did not constitute ineffective assistance. *Ericksen*, 288 Mich App at 201.

Fourth, defendant argues that his trial counsel was ineffective for allowing the prosecutor to support the felon-in-possession charge by introducing evidence of his prior firearms conviction, rather than stipulating that defendant was previously convicted of an unspecified felony.

Defendant is correct that a stipulation regarding his prior conviction would have been appropriate had one been requested. See *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997) and *People v Mayfield*, 221 Mich App 656, 661; 562 NW2d 272 (1997). However, a failure to offer such a stipulation does not necessarily amount to deficient performance, though here we think the decision not to enter into such a stipulation was likely not a matter of reasonable trial strategy. A stipulation to an unspecified felony would have prevented the jury from making improper inferences regarding defendant's propensity to possess firearms, and would have eliminated a fact that supported one aspect of Meadows's testimony. Although it is true that a stipulation could also leave open the risk that the jury would wonder about the nature of defendant's prior felony and possibly assume that it involved a more serious offense, allowing the jury to know that the prior conviction involved receiving and concealing firearms was likely unreasonable given the charges defendant was facing.

We need not decide that issue definitely, however, because defendant has also failed to show that he suffered prejudice as a result of his counsel's decision. Typically, judgments of sentence do not contain factual descriptions of the offense, and here the prosecutor described the documents as merely "indicating the conviction for guns, receiving and concealing." Considering the strength of the other evidence introduced at trial, including Meadows's testimony that he saw defendant cutting the barrel off the gun, police testimony that they found metal shavings in the same place Meadows saw defendant cutting the barrel, the barrel itself, and defendant's statements about his previous attempt to purchase the same gun from his nephew, defendant cannot show that, but for his counsel's decision to allow the prosecutor to support the felon-in-possession charge by introducing the judgment of sentence from his prior conviction, rather than stipulating that

defendant was previously convicted of an unspecified felony, the result of the proceedings would have been different. Therefore, he has failed to meet his burden of establishing the ineffective assistance of counsel.

Finally, defendant argues that his trial counsel neglected to consult with him before trial and, by the time counsel did meet with him, it was too late to call defendant's desired witnesses. The record, however, reflects that defendant had several pretrial conferences at which he indicated that he had spoken to his attorney about various plea offers and the risks of going to trial. Defendant may have desired additional opportunities to consult with his counsel, but a defense attorney's failure to meet with a defendant does not fall below an objective standard of reasonableness when the record indicates that counsel was sufficiently prepared to provide effective assistance. *People v Payne*, 285 Mich App 181, 189; 774 NW2d 714 (2009). The record reflects that defense counsel was prepared for trial, put forth a reasonable theory of the case, called a witness, and engaged in adequate cross-examination of the prosecution's witnesses. Therefore, the record indicates that defense counsel was sufficiently prepared to provide effective assistance, even if defendant would have preferred additional meetings before trial.

Regarding defendant's desired witnesses, defendant does not offer any proof that these witnesses would have testified as he asserts, nor does he request an opportunity to expand the record to explore these witnesses' proposed testimony. Moreover, "[d]ecisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy" which may not be second-guessed on appeal. *Horn*, 279 Mich App at 39. Defendant has failed to overcome the strong presumption that counsel engaged in sound trial strategy.[1]

## IV. SENTENCE PROPORTIONALITY

Defendant acknowledges that his minimum sentence of three years falls within the recommended range under the sentencing guidelines, but argues that it is disproportionately harsh nonetheless. However, "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). This Court has quoted the latter statute while noting that recent caselaw "did not alter or diminish" its applicability. *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Defendant asks this Court to depart from *Schrauben* and hold that MCL 769.34(10) violates the Sixth Amendment to the extent that it limits appellate review of a trial court's exercise of sentencing discretion. We decline the invitation. "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by

---

[1] Defendant addresses a variety of other issues in his Standard 4 brief. However, defendant does not specifically argue that these issues concerned matters that denied him a fair trial or otherwise exposed improprieties, nor does he cite the record, caselaw, statutes, or court rules to support any such position. Accordingly, these arguments have been abandoned. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001).

-6-

the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J)(1).

We find defendant's general proportionality challenge unpersuasive in any event. Generally, "the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' . . . , 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A trial court abuses its discretion when it imposes a sentence that is disproportionate to the seriousness of the circumstances involving the offense and the offender. *Milbourn*, 435 Mich at 636. A sentence that falls within the recommended guidelines range is presumptively proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019).

Because we are bound by *Schrauben*, we must affirm defendant's presumptively proportionate sentence unless defendant demonstrates something unusual about the circumstances of the case which renders the sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). Defendant submits that several mitigating factors were not considered, including that he had a total offense variable score of zero, that his convictions all involved the same firearm which was never recovered or discharged, and that he had family support including from Weger. However, these factors are not unusual and do not indicate that the sentences imposed were disproportionate. Because defendant has failed to show an abuse of sentencing discretion, we affirm.

Affirmed.


/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Christopher M. Murray