*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY LYNN STERLING,

        Defendant-Appellant.

UNPUBLISHED
May 15, 2026
12:49 PM

No. 373063
Shiawassee Circuit Court
LC No. 2023-008363-FH

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of accosting, enticing, or soliciting a child for an immoral purpose, MCL 750.145a, second or subsequent offense, MCL 750.145b. The trial court sentenced him to 57 to 240 months in prison as a third-offense habitual offender, MCL 769.11. We affirm.

## I. BACKGROUND FACTS

The complainant in this case, XW, was 14 years old when he rode his bicycle to a gas station to purchase a beverage. According to XW's trial testimony, when he was inside near the station's exit, defendant leaned over and "asked [him] if [he] wanted a blowjob." Defendant stated, "You look like you could use a blowjob," and told XW that he looked like he "needed a blowjob." XW understood the statements to mean that defendant wanted to perform oral sex on him. XW pretended he did not know what the statements meant, and defendant told him to get out of the store.

XW left the gas station and went across the street to disclose to an adult what defendant had told him. While across the street, XW saw defendant enter a vehicle at a gas pump and leave the station. XW returned to the gas station and told the cashier what had happened. XW then saw defendant circle the block in his vehicle multiple times, while waving at XW at least once. XW later called the police, and he reported the events. He testified on cross-examination that defendant did not threaten, force, touch, or offer money during the exchange.

-1-

About one week later, XW went to the police station, and the police conducted a photographic array. XW identified defendant as the man who had made the comments to him in the gas station. Defendant was later charged with one count of violating MCL 750.145a.

NP was another trial witness. NP testified that he lived near defendant when NP was 14 years old, and that he was friendly with defendant's grandchildren. NP initially began doing yard work for defendant, and defendant approached NP one day and asked him if he would like to earn "a little extra cash" by letting defendant perform oral sex on him. NP testified that he agreed because he wanted the money, and that defendant performed oral sex on him multiple times. NP eventually disclosed his interactions to the police, which led to court involvement. The trial court admitted NP's testimony without objection. Law enforcement officers also testified about their investigation.

At trial, the prosecution offered, and the court admitted eight exhibits. Among them was a 2020 judgment of sentence admitted pursuant to MCL 768.27a. The judgment revealed that defendant had been convicted, by guilty plea, of two counts of "criminal sexual conduct—assault with intent to commit sexual penetration," MCL 750.520g(1), and one count of accosting, enticing, or soliciting a child for immoral purposes, MCL 750.145a, but the trial court redacted the penalties and terms of incarceration from the judgment.

The jury found defendant guilty as charged, and the trial court sentenced him to 57 to 240 months. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was not sufficient to sustain his conviction of accosting a child for an immoral purpose under MCL 750.145a. We disagree.

Questions of statutory interpretation and challenges to the sufficiency of the evidence are reviewed de novo. *People v Wolfe*, 440 Mich 508, 513-515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992). "The test for determining whether the sufficiency of evidence in a criminal case is whether the evidence, viewed in the light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000). "The standard is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict," and "[t]he scope of review is the same whether the evidence is direct or circumstantial." *Id*. at 400. "Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citations omitted).

MCL 750.145a provides as follows:

A person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or

knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both.

Our Supreme Court has interpreted MCL 750.145a "as providing two ways that a defendant may commit this crime (and two [alternative] theories under which the prosecution may charge them)"—the "accosting," "enticing," or "soliciting" theory, and the "encouraging" theory. *People v Darga*, 349 Mich App 1, 11; 27 NW2d 298 (2023), citing *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011). Therefore, "the *actus reus* is complete when a defendant engages in an effort to persuade a child to engage in an immoral act." *Id*. at 18. While we have approved of the use of ordinary dictionary definitions for the terms used in MCL 750.145a, see *Darga*, 349 Mich App at 12-14, 16, no additional instructions were provided and neither the prosecution nor defense requested any in this case.

Defendant was charged with one count of violating MCL 750.145a, and the felony information listed both theories. The trial court, however, instructed the jury regarding only the accosting, enticing, or soliciting theory, along with two other elements: that the victim was under the age of 16 and that defendant had the required specific intent to induce or force the victim to commit proscribed acts. See *Darga*, 349 Mich App at 15.

Defendant argues that the evidence was not sufficient to establish that he "accosted" XW because, unlike in *Darga*, there was no evidence that he spoke to XW in an "aggressive, challenging, or threatening way." In *Darga*, the defendant called the victim "by her first name and directed her to come out of [a] camper on the promise that she was going to 'come' or 'orgasm' that night." *Id*.

This argument is misplaced. First, defendant ignores that "enticing" or "soliciting" are alternative bases to convict him, and that "accosting" is not required. *Kowalski*, 489 Mich at 499-500. Defendant does not argue that the evidence was insufficient to support a conviction of enticement or solicitation.

Second, while true that, unlike in *Darga*, there was no evidence here that defendant yelled at XW, threatened him, or commanded him to engage in a sex act, this fact does not mean the evidence was insufficient to convict. Regardless of his tone, defendant approached XW, an unaccompanied 14-year-old, inside a gas station and said, "You look like you could use a blowjob," and that XW "needed a blowjob." After XW went outside the gas station, defendant circled the gas station multiple times and waved at XW at least once. At minimum, a rational juror could conclude that defendant made the comments to "entice" or "solicit" or "accost" XW to engage in the sexual acts that he described as those terms are defined. *Darga*, 349 Mich App at 13-15. Ultimately, "the *actus reus* is complete when a defendant engages in an effort to persuade a child to engage in an immoral act, irrespective of whether a child does or is even aware of the defendant's efforts." *Id*. at 18.

On this record and viewing the evidence in the light most favorable to the prosecution, we conclude that a rational juror could find beyond a reasonable doubt that defendant "accosted," "enticed," or "solicited" XW within the meaning of MCL 750.145a.

-3-

### III. VAGUENESS CHALLENGE TO MCL 750.145a

Defendant next argues that MCL 750.145a is unconstitutionally vague and that defense counsel was ineffective for failing to so argue to the trial court. We again disagree.

### A. STANDARD OF REVIEW

Generally, "[t]his Court reviews de novo the question of a statute's constitutionality under the void-for-vagueness doctrine." *People v Noble*, 238 Mich App 647, 651; 608 NW2d 123 (1999). Defendant, however, did not challenge MCL 750.145a as unconstitutionally vague below, which means he did not preserve this issue. Unpreserved constitutional errors are reviewed for plain error affecting a defendant's substantial rights. *People v Jarrell*, 344 Mich App 464, 481; 1 NW2d 359 (2022).

Under the plain-error rule, a defendant must prove "(1) an error occurred, (2) the error was plain, and (3) the plain error affected his substantial rights, meaning it affected the outcome of the proceedings." *Id*. at 482, citing *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "[R]eversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings . . . ." *Jarrell*, 344 Mich App at 482 (quotation marks and citation omitted).

### B. MCL 750.145a IS NOT UNCONSTITUTIONALLY VAGUE

"There is a presumption that a statute is constitutional, and this Court will construe it this way unless its unconstitutionality is clearly apparent." *People v Gaines*, 306 Mich App 289, 319; 856 NW2d 222 (2014) (quotation marks and citation omitted). "A statute can be unconstitutionally vague if it: (1) fails to provide fair notice to the public of the proscribed conduct, (2) gives the trier of fact unstructured and unlimited discretion to determine if an offense has been committed, or (3) is overbroad and impinges on First Amendment rights." *Id*. (citation omitted). "To evaluate a vagueness challenge, a court must examine the entire text of the statute and give the words of the statute their ordinary meaning." *Id*. (citation omitted). "Vagueness challenges must be considered in light of the facts at issue." *Id*. (citation omitted). "A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meaning of words." *Id*. (quotation marks and citation omitted).

Defendant argues that the language of MCL 750.145a did not provide him fair notice of the conduct it proscribed because the terms "accost," "entice," "solicit," and "immoral act" are ambiguous, and the trial court did not define them. "To give fair notice, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, . . . or required." *Noble*, 238 Mich App at 652 (citations omitted). "The statute cannot use terms that require persons of ordinary intelligence to guess its meaning and differ about its application." *Id*. (citation omitted).

This Court has held, however, that MCL 750.145a is not unconstitutionally vague because it "provides fair notice to the public of the proscribed conduct and does not give a trier of fact unstructured and unlimited discretion to determine whether an offense has been committed." *Gaines*, 306 Mich App at 319. In so holding, *Gaines* relied on the fact that the statute's terms "can

fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." Thus, under *Gaines*, defendant's argument fails. *Id.*

Here, defendant complains that the jury was not instructed on the definitions of "accosted," "enticed," "solicited," or "immoral act," and he focuses on the term "immoral act," complaining that the prosecution did not specify what "immoral act" defendant intended to induce XW to commit. The record indicates, however, that the parties stipulated to the instructions, and defense counsel approved of the instructions as given. When defense counsel "explicitly and repeatedly approved the instruction, defendant has waived the error." *Kowalski*, 489 Mich at 503 (quotation marks and citation omitted); see also *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000) (holding that waiver "extinguishes any error").

Also, we have previously held that "immoral" is not a vague term as used in MCL 750.145a. *Gaines*, 306 Mich App at 320. That is because, "when read in context with the rest of the statute, the language refers to criminal acts and is intended to protect children from being induced, forced, or encouraged to commit such acts." *Id.* Indeed, defendant neither acknowledges *Gaines* nor attempts to distinguish it.

No reasonable person would have to guess whether stating, "You look like you could use a blowjob," to a 14-year-old boy seeks to induce an "immoral act" under the statute. *Id.* Nor can defendant demonstrate prejudice because the use of the word "immoral" within the context of MCL 750.145a specifically describes his conduct toward XW that resulted in a guilty conviction. *Carines*, 460 Mich at 763 (holding that the defendant has the burden to show "prejudice, i.e., that the error affected the outcome of the lower court proceedings."). Consequently, defendant cannot demonstrate plain error affecting his substantial rights. *Jarrell*, 344 Mich App at 482.

## C. DEFENDANT'S COUNSEL WAS NOT INEFFECTIVE

Defendant next claims that his trial counsel rendered ineffective assistance by failing to bring a constitutional challenge to MCL 750.145a. "Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (quotation marks and citation omitted). "This Court reviews findings of fact for clear error and questions of law de novo." *Id.* However, in cases like this one "[w]here the trial court has not conducted an evidentiary hearing, this Court's review is limited to mistakes apparent on the record." *People v Hughes*, 339 Mich App 99, 106; 981 NW2d 182 (2021).

"Both the United States and Michigan Constitutions protect a criminal defendant's right to a fair trial." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021), citing US Const, Am VI; Const 1963 art 1, § 17. "This includes the right to the effective assistance of counsel." *Id.*, citing *Strickland v Washington*, 466 US 668, 685-686; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Smith*, 336 Mich App 79, 100; 969 NW2d 548 (2021). Trial counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 US at 686. To establish ineffective assistance of counsel, a defendant must show "(1) that trial counsel's performance was

objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018).

A deficiency prejudices a defendant when there is a reasonable probability that but for trial counsel's errors, the outcome would have been different. *Id*. Claims of ineffective assistance of counsel "center on deficiencies in the defense counsel's decision-making . . . ." *Isrow*, 339 Mich App at 532 (quotation marks and citation omitted). "There is a strong presumption that trial counsel's decision-making is the result of sound trial strategy." *Id.* (citation omitted). "If counsel's strategy is reasonable, then his or her performance was not deficient." *Randolph*, 502 Mich at 12. "Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel." *Isrow*, 339 Mich App at 532.

When defendant was charged, this Court had already held that MCL 750.145a was not unconstitutionally vague. Defendant's claim that his trial counsel rendered ineffective assistance by failing to seek dismissal on that basis is without merit. Trial counsel was not required to make a meritless request or futile objection. *Isrow*, 339 Mich App at 532. Also, defendant cannot show prejudice. While he claims that absent trial counsel's error "there is a reasonable probability [he] would not have been convicted," he does not clarify how or why in light of *Gaines* and *Darga*. *Randolph*, 502 Mich at 9. As such, this claim fails.

## IV. DEFENSE COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO STIPULATE TO PRIOR CRIMINAL CONVICTIONS

Defendant's final claim on appeal is that his trial counsel rendered ineffective assistance in another way: by failing to seek a stipulation that would have concealed from the jury the number and nature of his prior convictions. This argument is reviewed for mistakes apparent on the record because no *Ginther* hearing was held, and we apply the same legal standard outlined above. *Hughes*, 339 Mich App at 106. We disagree with defendant's argument here as well.

Defendant relies on *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997), and this Court's interpretation of *Old Chief* in *People v Swint*, 225 Mich App 353, 377-380; 572 NW2d 666 (1997), to argue that defense counsel's failure to seek a stipulation to his prior convictions constitutes ineffective assistance of counsel. In *Old Chief*, the defendant, who was being prosecuted for being a felon in possession of a firearm, asked the trial court to require the prosecution to refrain from mentioning the name and nature of the defendant's prior felony (assault causing serious bodily injury), except to state that the defendant had been convicted of a crime punishable by imprisonment exceeding one year. *Old Chief*, 519 US at 175. The trial court rejected the defendant's requested stipulation, and the defendant was convicted. *Id*. at 175-177. The United States Supreme Court reversed, determining that although the name of the prior offense was relevant, FRE 403 precluded its admission because the risk of unfair prejudice substantially outweighed the probative value of the evidence. *Id*. at 178. *Old Chief* reasoned that there "can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant," and that the risk would be substantial "whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Id*. at 185.

In *Swint*, relying on *Old Chief*, this Court similarly found an abuse of discretion when, applying MRE 403, the trial court refused to permit the defendant, who was on trial for being a felon in possession of a firearm, MCL 750.224f, to stipulate that he committed felonious assault rather than the prosecution presenting evidence that defendant was convicted of assault with a dangerous weapon. *Swint*, 225 Mich App at 355, 379. *Swint* further held, however, that the preserved, nonconstitutional error was subject to harmless error analysis and, after applying that test, *Swint* determined that the error was harmless given the evidence presented at trial. *Id*.

But in this case, defendant is not alleging that the trial court did not allow him to stipulate to his previous felony. Rather, he argues that his counsel was ineffective for not seeking a stipulation, which resulted in the trial court admitting without objection the redacted judgment of sentence listing his previous convictions. Thus, *Old Chief* and *Swint* do not govern because they involved a trial court's refusal to accept a stipulation applying FRE and MRE 403, not defense counsel's failure to request one. *Old Chief* and *Swint* do not mean that failing to request a stipulation is deficient performance on the part of defense counsel. *Old Chief*, 519 US at 174; *Swint*, 225 Mich App at 377.

Also, unlike in felon-in-possession cases, here the prosecution was required to prove that defendant acted with the specific intent to induce XW to commit a prohibited act. *Darga*, 349 Mich App at 11-12. One way it did so was by offering evidence of defendant's prior convictions for sex crimes involving a minor. The convictions, therefore, were relevant to establish his intent, motive, and propensity to commit such crimes, and also shed light on NP's credibility. The purpose of MCL 768.27a, which applied to the charged crime involving a minor, "is to allow juries to consider evidence of other acts the defendant committed to show the defendant's character and propensity to commit the charged crime." *People v Hoskins*, 342 Mich App 194, 202; 993 NW2d 48 (2022) (quotation marks and citation omitted). Thus, the nature, and not merely the existence, of defendant's prior convictions was relevant to the charge and admissible under MCL 768.27a.

Further, the admitted judgment of sentence was redacted and only identified defendant's convictions, which were admissible by statute, and did not reference penalties or term of incarceration. It is unclear what the redacted judgment of sentence contained that a stipulation would not have. *People v Mayfield*, 221 Mich App 656, 661; 562 NW2d 272 (1997) (where defendant offered no stipulation "he may not now contend that the admission of evidence beyond the mere fact of his convictions constituted error."). As a result, defendant was not prejudiced by his attorney not seeking a stipulation because he has failed to demonstrate how the verdict would have been different but for this alleged error. *Isrow*, 339 Mich App at 532.

Thus, regardless of whether he preserved the issue, defendant has not shown that his attorney was ineffective by not seeking a stipulation, *id.*, and defendant has not established a reasonable probability that a stipulation concealing the nature or number of his prior convictions

would have made a difference in the outcome of trial.  See *Randolph*, 306 Mich at 9-10.  His claim of ineffective assistance predicated on trial counsel having not offered such a stipulation fails.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense